USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK RICARDO SMITH,

                Petitioner,

-against-

BARBARA UNDERWOOD, Attorney General for the State of New York, and TIMOTHY MCKOY Administrator of Franklin Correctional Center, North Carolina,

                Respondents.

No. 13-CV-8423 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Petitioner Patrick Smith, an inmate at the Franklin Correctional Center, North Carolina, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his future custody for a conviction obtained by the State of New York. Currently before the Court is the New York Respondent's[1] motion seeking reconsideration of this Court's September 5, 2017

---

[1] As the Court noted in its previous Opinion, in light of Petitioner's pro se status, the Court will deem the petition asserted against the proper Respondents. See *Bell v. Ercole*, 631 F. Supp. 2d 406, 411 n.1 (S.D.N.Y. 2009); Fed. R. Civ. P. 21 (noting that "on its own, the court may at any time, on just terms, add or drop a party"). Pursuant to Rule 2(b) of the Rules Governing Section 2254 and Section 2255 Proceedings ("Habeas Rules"), when a petitioner is challenging a state court judgment that may subject him to "future custody," "the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered." See Habeas Rules, *available at* http://www.uscourts.gov/rules-policies/current-rules-practice-procedure (last visited July 29, 2018). Accordingly, the proper Respondents in this action are the current Attorney General for the State of New York, Barbara Underwood, and the Administrator of Petitioner's current correctional facility, Timothy McKoy. *See* 2018 Franklin Correctional Institution Prison Rape Elimination Act (PREA) Audit Report, *available at* https://www.ncdps.gov/documents/prea-audit-franklin-correctional-center-june-2018 (last

Opinion and Order, which denied all but one of Petitioner's claims. (Respondents' Request for Reconsideration ("Resp.'s Mot."), ECF No. 48.)

For the following reasons, Respondent's motion is DENIED.

## BACKGROUND[2]

Following Petitioner's state convictions, he timely filed the instant petition for a writ of habeas corpus (the "Petition") on November 22, 2013 (ECF No. 1), adopting certain arguments made in his counseled brief to the Appellate Division on direct appeal, as well as certain arguments contained in his *pro se* supplemental brief filed at that time. Specifically, Petitioner asserts that 1) he was denied his speedy trial right under the Interstate Agreement on Detainers, 2) the indictment was jurisdictionally defective, 3) the jury panel did not fairly represent a cross-section of the population, 4) the prosecutor was improperly allowed to cross-examine him about a previous robbery for which he was acquitted, 5) the trial court erred in refusing to uphold his objection pursuant to *Batson v. Kentucky*, 479 U.S. 79 (1986), during jury selection, 6) he was denied his right of confrontation with respect to DNA evidence presented at trial, and 7) the trial court erred in sentencing him in the aggravating range due to his prior record. (*Id.*)

The Court referred this matter to Magistrate Judge Lisa Margaret Smith to issue a Report and Recommendation on the Petition on January 06, 2014. (Order of Reference, ECF No. 5.)

---

visited July 29, 2018) (listing Timothy McKoy as the Franklin Correctional Center Administrator).

The Court notes that the Attorney General of New York received a copy of Petitioner's habeas petition in 2014. (See ECF No. 4.) The District Attorney's Office for the City of White Plains has responded to and defended against the petition on behalf of the State of New York up to this point.

[2]The Court assumes the parties' familiarity with the factual and procedural background of this case, which was aptly summarized in Judge McCarthy's Report. For the sake of clarity, however, the Court summarizes the developments most relevant to the issue at hand.

.

This matter was subsequently re-assigned and referred to Magistrate Judge McCarthy on May 1, 2014. Judge McCarthy issued her Report and Recommendation (the "Report") on January 9, 2017, recommending this Court deny the Petition. (ECF No. 38.) Specifically, Judge McCarthy found that most of Smith's claims are procedurally barred, and that, alternatively, none of his claims present grounds for relief from his conviction. (*Id.*) Petitioner, after requesting and receiving an extension of time from this Court, filed timely objections to the Report on March 30, 2017. (ECF No. 44.)

After careful review of the Petition, Judge McCarthy's Report, and Petitioner's objections, this Court issued an Opinion and Order on September 5, 2017, partially adopting Judge McCarthy's Report and denying all but one of Petitioner's claims. (ECF No. 45.) The Court agreed with Petitioner, however, that the trial court failed to conduct the requisite analysis under the third step of *Batson* and assess the credibility of the prosecution's explanation for peremptorily striking a juror. The Court held resolution of the petition for a writ of habeas corpus in abeyance pending a reconstruction hearing to address Petitioner's remaining *Batson* claim.

The New York State Respondent subsequently filed a motion for reconsideration, arguing that Petitioner's remaining *Batson* claim is unexhausted and procedurally barred, as it was not raised in Petitioner's direct appeal to the Appellate Division. (*See* Resp.'s Mot. at 1.) The Court considers Respondent's argument in turn.

**LEGAL STANDARDS**

Motions for reconsideration are typically governed by Local Civil Rule 6.3 and the Federal Rule of Civil Procedure 60(b). As a threshold matter, however, Rule 60(b) applies only to "final" judgments. *In re Shengdatech, Inc. Sec. Litig.*, No. 11-CV-1918 (LGS), 2015 WL

3422096, at *3 (S.D.N.Y. May 28, 2015); *see also* Fed. R. Civ. P. 60(b). "The prevailing rule in this Circuit and elsewhere is that an order is final for purposes of Rule 60(b) when it is appealable." *In re Shengdatech*, 2015 WL 3422096, at *3 (collecting cases). For the purposes of appealability, "[a] final judgment or order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008). Because the Court's September 5, 2017 Opinion did not dispose of all pending claims, it was not a final judgment or order. Accordingly, Rule 60(b) is inapplicable here. *See In re Shengdatech*, 2015 WL 3422096, at *4.

Respondent's motion must, therefore, be construed as a motion for reconsideration under Local Civil Rule 6.3. "The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict." *Targum v. Citrin Cooperman & Company, LLP*, No. 12-CV-6909 (SAS), 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Mahadeo v. New York City Campaign Fin. Bd.*, 514 F. App'x 53, 55 (2d Cir. 2013) (internal quotation marks omitted) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Moreover, a Rule 6.3 motion "cannot assert new arguments or claims which were not before the court in the original motion." *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (internal quotation marks omitted).

## DISCUSSION

As a preliminary matter, the Court notes that Respondent's motion for reconsideration is untimely. "Under Local Civil Rule 6.3, 'a notice of motion for reconsideration or reargument of

a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion . . . .'" *McDowell v. Eli Lilly & Co.*, No. 13-CV-3786, 2015 WL 4240736, at *1 (S.D.N.Y. July 13, 2015) (quoting Local Civil Rule 6.3)). Here, the Court issued its initial decision on September 5, 2017. (*See* ECF No. 45.) Respondent did not file the present motion, however, until September 26, 2017—a full 21 days after the Court rendered its opinion. (*See* ECF No. 48.) "As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion." *McGraw-Hill Glob. Educ. Holdings, LLC*, 293 F. Supp. 3d at 397 (citing *Cyrus v. City of N.Y.*, 2010 WL 148078, at *1 (E.D.N.Y. Jan. 14, 2010) (collecting cases)).

Moreover, Respondent is, for the first time, arguing that Petitioner's remaining *Batson* claim is unexhausted. As Respondent concedes, the state did not address the *Batson* step-three argument in its opposition to Petitioner's request for habeas relief. (Resp.'s Mot at 2.) Such a failure is also typically sufficient grounds to justify denial of reconsideration. *See Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of New York Mellon*, No. 11-CV-5459 (WHP), 2013 WL 593766, at *2 (S.D.N.Y. Feb. 14, 2013) ("It is implicit in [its] language that a motion for *reconsideration* cannot assert new arguments or claim which were not before the court on the original motion and consequently cannot be said to have been *considered*." (emphasis in original) (internal quotation marks omitted)).

Nevertheless, the Court will entertain Respondent's motion for reconsideration on exhaustion grounds. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3); *see also Carvajal v. Artus*, 633 F.3d 95, 106 (2d Cir.

5

2011) ("AEDPA disfavors a state waiver of exhaustion" (internal quotation marks omitted)). Respondent's failure to address Petitioner's *Batson* step three argument earlier in the proceedings, or even in a *timely* motion for reconsideration, while irresponsible, does not constitute such an explicit waiver of the exhaustion requirement. *See Carvajal*, 633 F.3d at 106 ("AEDPA does not explain how a state expressly waives the exhaustion requirement, but . . . [w]aiver is traditionally defined as an *intentional* relinquishment or abandonment of a known right." (emphasis added) (internal quotation marks omitted)).

"[B]efore a federal court can consider a habeas application brought by a state prisoner, the habeas applicant must exhaust all of his state remedies." *Id.* at 104 (citing 28 U.S.C. § 2254(b)(1)(A)). This exhaustion requirement has two components. *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir. 1981). First, "[e]xhaustion of state remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoner's federal rights." *Cornell v. Kirkpatrick*, 665 F.3d 369, 375 (2d Cir. 2011) (internal quotation marks omitted). "A claim has been 'fairly presented' if the state courts are apprised of 'both the factual and the legal premises of the claim [the petitioner] asserts in federal court.'" *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997) (quoting *Daye v. Attorney Gen. of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc)).

Notably, a defendant need not cite "book and verse on the federal constitution" to fairly present his federal claim. *Daye*, 696 F.2d at 192. Rather,

> [a] petitioner may satisfy the fair presentation requirement by: (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution,

and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Carvajal*, 633 F.3d at 104 (internal quotation marks omitted). The Second Circuit reasoned that "[i]n all such circumstances the federal habeas court should assume that the state courts, which are obliged, equally with the courts of the Union, . . . to guard, enforce, and protect every right granted or secured by the Constitution of the United States, have been alerted to consider, and have considered, the constitutional claim. To eschew that assumption is surely to disserve the interests of comity and the respect due the diligent jurists on the state bench." *Daye*, 696 F.2d at 194 (internal quotation marks and citations omitted).[3]

"Second, having fairly presented his or her federal constitutional claim to the appropriate state court and having been denied relief, the petitioner must appeal his or her conviction to the highest court." *Chance v. Keyser*, No. 14-CV-8928 (CS)(LMS), 2018 WL 1746993, at *7 (S.D.N.Y. Mar. 10, 2018) (citing *Klein*, 667 F.2d at 282). Alternatively, "[a] petitioner who has failed to exhaust his state remedies by pursuing a direct appeal may satisfy the exhaustion requirement by utilizing available state methods for collaterally attacking his or her state conviction." *Id.* (citing *Klein*, 667 F.2d at 282).

In the present action, Respondent maintains that Petitioner failed to appropriately exhaust his *Batson* claim. Specifically, Respondent argues that while Petitioner raised a *Batson* claim in

---

[3] While the exhaustion standard articulated in *Daye* pre-dates the AEDPA, the Second Circuit has noted that the "AEDPA standard is substantially identical to the pre-AEDPA exhaustion standard," *Lurie v. Wittner*, 228 F.3d 113, 123 (2d Cir. 2000). The Second Circuit has, thus, continued to apply *Daye*, which remains controlling precedent, in post-AEDPA cases. *See, e.g*, *Carvajal*, 633 F.3d at 104; *Jones v. Poole*, 403 F. App'x 617, 619 (2d Cir. 2010).

his direct appeal before the Appellate Division, Second Department, he did not "fairly present" the *specific Batson* issue presently before this Court.

This Court disagrees.

In his counselled brief before the Appellate Division, Petitioner unequivocally raised a *Batson* claim. Indeed, Petitioner explicitly stated:

> The Court permitted the prosecution peremptory challenge [over defense objection]. [T. : 527]. The court erred, and in particular the second asserted 'race-neutral' explanation—that prospective juror Mr. Jackson 'did not have enough life experience' to merit juror status—is manifestly insufficient to support a prosecution peremptory challenge in the face of a *Batson* challenge.

(Resp.'s Mot., Ex. 1, Petitioner's Appellate Brief (alterations in original))

Petitioner's language, while brief, was sufficient to "fairly present" the *Batson* issue to the Appellate Division. Petitioner specifically argued that the trial court "erred" in permitting the prosecution's peremptory strike against Ms. Jackson, expressly cited *Batson*, and even directed the Court to the very page in the trial transcript where the trial court allowed the peremptory strike to stand. Though Respondent argues that Petitioner's current *Batson* claim was unexhausted because he failed to explicitly cite the third step of *Batson* in his appellate brief, the Second Circuit does not require such a level of specificity to satisfy the habeas exhaustion requirement. *See Daye*, 696 F.2d at 192 n.4; *see also Samuel v. LaValley*, No. 12-CV-2372 (BMC), 2013 WL 550688, at *2 (E.D.N.Y. Feb. 12, 2013) (noting that a single reference to *Strickland*, even with "no mention of either of *Strickland's* two requirements or any argument as to how defense counsel's failure to object was objectively unreasonable or prejudicial," was sufficient to satisfy the exhaustion requirement). As the Second Circuit has explained, although the "chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that

8

asserted in state court," that is not to say that there can be no substantial difference in the *legal theory* advanced to explain an alleged deviation from constitutional precepts." *Daye*, 696 F.2d at 192 n.4. For example:

> constitutional doctrine forbids use of a confession against a defendant unless the confession was voluntary. A number of legal theories may be advanced as to why a confession was not voluntary. Yet all that is needed to alert the state courts to the constitutional nature of the claim is the exposition of the material facts and the assertion that the confession was not voluntary.

*Id.* Thus, a petitioner who only argued that he confessed as a result of *physical* coercion in state court, the Second Circuit further explained, could additionally argue that his confession was involuntary as a result of *psychological* coercion in federal court. *Id.*; *see also Kemp v. Pate*, 359 F.2d 749 (7th Cir. 1966). Under both theories, "the ultimate constitutional question—the voluntariness of the confession—has been presented" to the state court. *Daye*, 696 F.2d at 192 n.4.

Similarly, though petitioner did not explicitly cite the third step of *Batson* in his brief before the Appellate Division, he did present the ultimate constitutional question to the Second Department: whether the trial court erred in allowing the prosecution's peremptory strike to stand following Defendant's *Batson* objection.[4] To properly adjudicate Petitioner's claim, the

---

[4] Respondent cites the Second Circuit's summary order in *Reyes v. Greiner*, 150 F. App'x 77, 78 (2d Cir. 2005), for the proposition that each component of a *Batson* challenge constitutes a discrete claim that must be explicitly raised before the state court for proper exhaustion. However, the Circuit Court in *Reyes* found that "the trial court's acceptance did not represent an unreasonable application of *Batson* step three." *Id.* Thus, unlike the matter at hand, the Court in *Reyes* explicitly found that the trial court made a credibility determination, as required by *Batson*. Moreover, the *Reyes* opinion makes no mention of the exhaustion requirement articulated in *Daye*. Because *Reyes* was decided via summary order and *Daye* remains controlling precedent in this Circuit, this Court will apply the more liberal standard expressed by the Second Circuit in *Daye. See Jackler v. Byrne*, 658 F.3d 225, 244 (2d Cir. 2011) ("Under this Court's Rules, and as stated in the heading of our summary orders deciding appeals, 'RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.'" (quoting 2d Cir. Local R. 32.1 1(a)).

Appellate Division *necessarily* had to apply all three of *Batson*'s steps. Indeed, the Second Department's decision explicitly addressed the third step of *Batson*, stating:

> The County Court's determination that the prosecutor's race-neutral explanation for excluding a prospective African-American juror was nonpretextual is entitled to deference on appeal and should not be disturbed where, as here, it is supported by the record.

(Respondent's Opposition to Petition for Writ of Habeas Corpus ("Resp.'s Opp."), Ex.12, August 1, 2012 Decision and Order, ECF No. 9-12.)The purpose of exhaustion was, thus, satisfied in the present case; the Appellate Division undeniably had "the opportunity to pass upon and correct alleged violations of [Petitioner's] federal rights," *Cornell*, 665 F.3d at 375 (internal quotation marks omitted), including the step-three *Batson* violation.

Additionally, as Respondent concedes, Petitioner presented this very claim to New York's highest court, thereby satisfying the second exhaustion requirement. (*See* Resp.'s Mot at 4.)

Accordingly, Petitioner has exhausted his *Batson* claim and this Court finds no reason to reconsider its previous ruling that the trial judge erred in failing to make a credibility determination, as required by the third step of *Batson*.

## CONCLUSION

For the reasons stated above and in its September 5, 2017 Opinion, the Court reiterates its finding that a reconstruction hearing should be attempted. The writ of habeas corpus is held in abeyance. The parties are directed to consult with each other and submit in writing to the Court on or before August 24, 2018, an agreed-upon date when the reconstruction hearing discussed above can be held, where trial counsel for Petitioner and the prosecutor for the County shall be in attendance to provide testimony. In the

alternative, Respondent may provide, in writing, good cause demonstrating the need for additional time to coordinate such a hearing.

While the Court is of the opinion that, after entry of a final order in this matter, Petitioner will have presented a constitutional claim the resolution of which "reasonable jurists" could find "debatable"—warranting the issuance of a certificate of appealability, *see Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003)—a certificate will not issue at this juncture because an appeal of this interim order would be premature in light of the hearing ordered above. *See* 28 U.S.C. § 2253(a). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Further, the Clerk of Court is respectfully directed to amend the case caption as indicated in footnote 1 of this Court's Opinion and Order to substitute the following parties as Respondents: Barbara Underwood, Attorney General for the State of New York, and Timothy McKoy, Administrator of Franklin Correctional Center.

Dated: July 30, 2018
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

11