UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PATRICK RICARDO SMITH,

       Petitioner,

 -against-

BARBARA UNDERWOOD, Attorney General for the State of New York, and TIMOTHY MCKOY Administrator of Franklin Correctional Center, North Carolina,

       Respondents.

No. 13-CV-8423 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

 Petitioner Patrick Smith, an inmate at the Franklin Correctional Center, North Carolina, had filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his custody for a conviction obtained by the State of New York. On December 7, 2018, following a reconstruction hearing, the Court denied the petition. Petitioner now seeks a new trial pursuant to Federal Rules of Civil Procedure Rule 59 and relief from the judgment pursuant to Federal Rules of Civil Procedure Rules 60(b)(1), (2), and (3). For the reasons set forth below, those requests are DENIED.



# BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural background of this case and, below, only summarizes relevant procedural background.

Upon receipt of Petitioner's petition for a writ of habeas corpus ("Petition") on November 22, 2013 (ECF No. 1), the Court referred this matter to Magistrate Judge Lisa Margaret Smith to issue a Report and Recommendation ("R & R") on the Petition. (ECF No. 5.) This matter was subsequently re-assigned and referred to Magistrate Judge Judith C. McCarthy, who issued an R & R on January 9, 2017 and recommended this Court deny the Petition. (ECF No. 38). Petitioner filed timely objections to the R & R. (ECF No. 44.) The Court partially adopted the R & R on September 5, 2017, denying all but one of Petitioner's claims (ECF No. 45). However, the Court agreed with Petitioner that the trial court failed to conduct the requisite analysis under the third step of the analysis articulated in *Batson v. Kentucky*, 476 U.S. 79 (1986)—an assessment of the credibility of the prosecution's explanation for peremptorily striking juror Jasmine Jackson—and held a reconstruction hearing to determine whether there had been a *Batson* violation at the trial court level.

Based on the evidence presented at the reconstruction hearing, the Court accepted the government's neutral reason for striking Ms. Jackson and held that Petitioner did not establish purposeful discrimination. *Smith v. Underwood*, No. 13-CV-8423(NSR), 2018 WL 6493100, at *5 (S.D.N.Y. Dec. 7, 2018). In reaching this conclusion, the Court reviewed the *voir dire* transcript from the trial, contemporaneous notes from Westchester County Assistant District Attorney Fred Green, the prosecutor at that trial, and Mr. Green's testimony at the reconstruction hearing. *Id.* at *5 – 7. Because the Court determined that Petitioner was not entitled to a grant of

habeas corpus for a *Batson* violation and because the Court had otherwise agreed with Judge McCarthy's R & R, Petitioner's writ for habeas corpus was denied. *Id.* at *7.

## DISCUSSION

### I. Federal Rules of Civil Procedure Rule 59 request

A motion for a new trial under Rule 59 must be made no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. Rule 59(b). The Court entered judgment denying the Petition on December 7, 2018, but Petitioner did not request relief under Rule 59 until May 24, 2019, months after the judgment. Therefore, Petitioner's Rule 59 request is denied as untimely.

### II. Federal Rules of Civil Procedure Rule 60(b) reconsideration requests

Petitioner seeks relief under Rules 60(b)(1), (2), and (3). Upon a motion for relief under Rule 60(b)(1), (2), or (3), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" because of (1) "mistake, inadvertence, surprise, or excusable neglect," (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," or (3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. Rules 60(b)(1), (2), & (3).

The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Generally, a court will deny reconsideration unless the moving party brings forward controlling decisions or data overlooked by the court "that might reasonably be expected to alter the conclusion reached by the court." *Id.* Whether to grant a Rule 60(b) motion is committed to the sound discretion of the district courts, and the district courts will not grant such a motion "absent the demonstration of 'extraordinary circumstances.'"

3

*Massop v. U.S. Postal Serv.*, 493 F. App'x 231, 232 (2d Cir. 2012); *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012)

The Court finds no grounds to grant Petitioner reconsideration or relief from the judgment.

Petitioner argues that his indictment was insufficient because it tracked statutory language and did not provide him with sufficient notice. These are identical to the arguments Petitioner raised in his objection to the R & R. (Pet'r's Mem. of Law in Supp. of Resp. to R. & R. pp. 3 – 5, ECF No. 44.) Judge McCarthy already addressed these arguments, and the Court adopted Judge McCarthy's assessment. "Judge McCarthy correctly stated the applicable law regarding a constitutionally sufficient indictment and found that the indictment here 'sufficiently informed Petitioner of the charges against him.' Therefore, the Court agrees that his second claim is without merit." *Smith v. Schneiderman*, No. 13-CV-8423(NSR), 2017 WL 3917606, at *3 (S.D.N.Y. Sept. 5, 2017) (citations omitted).

Petitioner also argues that the trial court's failure to make a credibility determination under *Batson* was not cured by the reconstruction hearing. The Court disagrees. As the Court previously held, the passage of ten years since Petitioner was convicted does not make reconstruction of the record infeasible, *Smith*, 2017 WL 3917606, at *9, and, based on the evidence presented at the reconstruction hearing, the Court was able to cure the trial court's error. *Smith v. Underwood*, No. 13-CV-8423(NSR), 2018 WL 6493100, at *4 (S.D.N.Y. Dec. 7, 2018) ("Based on the evidence provided at the reconstruction hearing, the *voir dire* transcript from the trial court, testimony from Mr. Green, and Mr. Green's personal notes from jury selection, the Court can reasonably assess the credibility of the prosecution's nondiscriminatory reason for striking the juror at issue, Ms. Jackson."). Petitioner presents no controlling authority,

overlooked evidence, or evidence of fraud to contradict the Court's determination that the reconstruction hearing was feasible.

Additionally, Petitioner presents no newly discovered evidence that could not have been discovered within twenty-eight days after the judgment denying the Petition. Petitioner cites to Mr. Green's testimony as new evidence. However, this evidence was revealed during the reconstruction hearing[1] on October 23, 2018, well before the judgment at issue was published on December 7, 2018.

As there are no extraordinary circumstances to warrant reconsideration in this matter, the Court in its discretion denies Petitioner's requests.

## CONCLUSION

For these reasons, the Petitioner's requests are DENIED. The Clerk of the Court is directed to mail a copy of this Opinion to Petitioner at his address on the docket and to show proof of service on the docket.

Dated: June 24, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

---

[1] Petitioner argues that the meetings between Respondents' counsel and Mr. Green to prepare for the reconstruction hearing were prejudicial, but Petitioner learned about these meetings at the reconstruction hearing which was before the Court issued the judgment denying his Petition.